**Ken HALL, Plaintiff–Appellant,**

v.

**Harry K. SINGLETARY, Thomas A. Crews, CO1 Maupin, S.G. Wedell, Defendants–Appellees.**

**No. 92–2709.**

United States Court of Appeals, Eleventh Circuit.

Sept. 8, 1993.

Cecelia Bradley, Dept. of Legal Affairs, Tallahassee, FL, for defendants-appellees.

Before KRAVITCH and HATCHETT, Circuit Judges, and ATKINS *, Senior District Judge.

HATCHETT, Circuit Judge:

On the undisputed facts of this case, we affirm the district court's summary judgment ruling upholding Florida regulations that limit mail between inmates at different places of confinement.

Florida prison authorities incarcerated Kenneth Hall, the appellant, at Central Flori-

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting

da Reception Center, Orlando, Florida. He brought this action against the appellees, the Assistant Superintendent, the Mailroom Officer, and the Librarian of Central Florida Reception Center alleging that the appellees refused to provide free postage for mail and refused to forward mail to an inmate at another institution. Hall contends that the prison authorities violated his constitutional right of access to the courts, and requested $20,000 in compensatory damages, $50,000 in punitive damages, declaratory relief, and injunctive relief.

This lawsuit results from a civil lawsuit Hall filed in a state court against an inmate at another Florida prison for a criminal act in which Hall was the victim. The letter that Hall was attempting to send in this case contained a pleading in the state case.

As to inmate mail, two Florida Administrative Code sections are relevant. The first is Florida Administrative Code Rule 33–3.005(2) which defines legal mail as:

(a) Mail to and from municipal, county, state and federal courts.

(b) Mail to and from state attorneys.

(c) Mail to and from private attorneys.

(d) Mail to and from public defenders.

Inmates may send legal mail without restrictions. The other relevant code section is Florida Administrative Code Rule 33–3.004(4) which states:

Correspondence with inmates of other penal institutions shall be subject to the approval of the Superintendent of each institution. Either Superintendent may withhold approval if he finds that the intended correspondence would present a substantial threat of interference with the security, order or rehabilitative objectives of his institution.

PROCEDURAL HISTORY

On the appellees' motion for summary judgment, the district court granted the motion with the following explanation:

by designation.

In the present case, the Court finds that it was proper for Plaintiff [Hall] to obtain approval from Defendants prior to corresponding with Mr. White, an inmate incarcerated in another institution. There are legitimate security concerns that are connected to prohibiting correspondence between institutions, and the restrictions placed on Plaintiff by Defendants were not [un]reasonable (sic).

. . . .

Likewise, in the present case, Plaintiff has not alleged any interference with his mail to the state court. Defendants have a legitimate security concern in restricting correspondence between inmates; yet, Plaintiff need merely request the state court to order that he be permitted to communicate with Mr. White. Defendants have indicated that such correspondence will be permitted upon entry of an order by the state court.

The Court finds that Defendants are entitled to summary judgment as a matter of law on Plaintiff's claims. Accordingly, Defendant's [sic] Motion for Summary Judgment is GRANTED, and judgment will be entered in favor of Defendant. Plaintiff's Motion to Deny Summary Judgment (Doc. No. 20, filed March 2, 1992) and Motion to Dismiss (Doc. No. 1, filed February 20, 1992) are DENIED.[1]

## ISSUE

The facts in this case are undisputed. Consequently, we decide a pure issue of law: Whether the appellees violated appellant's constitutional rights under the first amendment through application of Department of Correction mail regulations.

## DISCUSSION

In *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), the Supreme Court held that prison officials did not violate inmates' constitutional rights through regulations prohibiting correspondence between inmates at different facilities where legitimate security concerns were present. In keeping with that opinion, Florida prison officials have prohibited correspondence between inmates at different institutions without authorization from the governing officers at each of the institutions. Consequently, this case does not present a genuine issue for trial, and the district court properly determined that appellees were entitled to judgment as a matter of law. Accordingly, the district court is affirmed.[2]

AFFIRMED.

---

1. It is obvious that the district court intended to grant summary judgment for all appellees.

2. At the time of oral argument, the appellant was no longer incarcerated, but did not appear to present argument.